STATE OF LOUISIANA

VERSUS

J. L.

**GENOVESE, J., concurring in part, and dissenting in part.**

I concur with the majority in affirming the Defendant's convictions on the charges of aggravated incest and contributing to the delinquency of a juvenile. I likewise concur with the majority in amending the sentence to reflect that diminution eligibility is denied and remanding the matter to the trial court to note said amendment in the minutes of court.

However, I dissent from the majority decision affirming Defendant's conviction on the charge of simple battery. In Defendant's appeal, he claims "insufficiency of the evidence." On the charge of simple battery alone, I agree that there was insufficient evidence to support a conviction for simple battery.

Louisiana Revised Statutes 14:35 defines simple battery as "a battery committed without the consent of the victim." Battery is defined in La.R.S. 14:33 as "the intentional use of force or violence upon the person of another. . . ." The facts in this case fail to prove, beyond a reasonable doubt, the intentional use of <u>force or violence</u> upon the person of another to support a conviction for simple battery. The majority fails to make the distinction between a sexual battery, which does not require the use of force or violence, and a simple battery which does. I would reverse Defendant's conviction on the charge of simple battery.

STATE OF LOUISIANA

VERSUS

J. L.

**GENOVESE, J., concurring in part, and dissenting in part.**

I concur with the majority in affirming the Defendant's convictions on the charges of aggravated incest and contributing to the delinquency of a juvenile. I likewise concur with the majority in amending the sentence to reflect that diminution eligibility is denied and remanding the matter to the trial court to note said amendment in the minutes of court.

However, I dissent from the majority decision affirming Defendant's conviction on the charge of simple battery. In Defendant's appeal, he claims "insufficiency of the evidence." On the charge of simple battery alone, I agree that there was insufficient evidence to support a conviction for simple battery.

Louisiana Revised Statutes 14:35 defines simple battery as "a battery committed without the consent of the victim." Battery is defined in La.R.S. 14:33 as "the intentional use of force or violence upon the person of another. . . ." The facts in this case fail to prove, beyond a reasonable doubt, the intentional use of <u>force or violence</u> upon the person of another to support a conviction for simple battery. The majority fails to make the distinction between a sexual battery, which does not require the use of force or violence, and a simple battery which does. I would reverse Defendant's conviction on the charge of simple battery.